Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered on or about January 9, 2012, which, after a nonjury trial, dismissed without prejudice the first cause of action, which seeks a declaration with respect to the parties’ “Utilities Agreement,” and the third cause of action, which seeks money damages, and, upon the second cause of action, enjoined defendant from ceasing to provide utilities to the residential building purchased by plaintiff, unanimously modified, on the law, to reinstate the first and third causes of action, and to remand the matter for review of the utilities agreement pursuant to Religious Corporations Law § 12, and otherwise affirmed, without costs.
We hold that the parties’ utilities agreement requires court approval, pursuant to Religious Corporations Law § 12 (1), because it modifies the parties’ previously approved purchase agreement (see Beacon Term. Corp. v Chemprene, Inc., 75 AD2d 350, 354 [2d Dept 1980], lv denied 51 NY2d 706 [1980]; see also Religious Corporations Law § 12 [9]).
In light of plaintiffs lack of other access to gas, steam, and electricity, we find that the injunction against defendant’s termination of utilities to the residential building should remain in effect until this matter is resolved. Concur — Andrias, J.P., Friedman, Acosta, DeGrasse and Freedman, JJ.